IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

DEREK HILLEBRAND, *et al.*

      Defendants.

2:21-CR-00355-CCW

## OPINION AND ORDER

This matter is before the Court on Defendant Armando Razo Jr.'s objection to a consolidated trial with Defendant Derek Hillebrand. ECF No. 1854. For the reasons that follow, the Court will OVERRULE the objection and consolidate the trials of Mr. Razo and Mr. Hillebrand.

On August 24, 2021, a federal grand jury returned a six-count indictment against Mr. Razo, Mr. Hillebrand, and thirty-five other defendants. ECF No. 3. Mr. Razo and Mr. Hillebrand are named in Count I, which charges them with conspiracy to distribute and possess with intent to distribute several controlled substances between in and around July 2020 and in and around August 2021, in violation of 21 U.S.C. § 846. *Id.* at 2–3. That is the only Count with which Mr. Razo is charged. Mr. Hillebrand is also charged in Count II, with conspiracy to commit money laundering from in and around July 2020 and in and around August 2021, in violation of 18 U.S.C. § 1956(h). *Id.* at 4. The remaining four Counts name other defendants, who have since pleaded guilty.

After the uniform pretrial motions deadline set by the Court expired on October 17, 2022, the Court ordered the government to submit a proposed trial plan. ECF No. 1212. The Court adopted the plan in pertinent part on November 3, 2022, over the objection of only Defendant Marco Galvez, who has since pleaded guilty. ECF No. 1260. Mr. Razo and Mr. Hillebrand were made a part of Trial Group A along with four other defendants, with trial scheduled for February 2023. *Id.* The remaining defendants were placed in either Trial Group B or Trial Group C, with trials to follow Trial Group A. *Id.*

Since that time, the Court has modified the trial groupings and trial dates to accommodate developments in the case including a number of subsequent guilty pleas. On February 8, 2023, the Court granted Mr. Hillebrand's motion to continue Trial Group A's trial until June 26, 2023. ECF No. 1639. The Court then consolidated the remaining defendants from Trial Group C into Trial Group B and scheduled Trial Group B for trial to begin July 11, 2023. ECF No. 1663. Finally, on March 30, 2023, the Court granted a motion filed by Mr. Razo to continue his trial date and moved Mr. Razo from Trial Group A into Trial Group B to allow recently appointed counsel additional time to prepare. ECF No. 1762.

Several more defendants subsequently pleaded guilty, leaving Mr. Razo and Mr. Hillebrand as the only remaining defendants for trial. The Court held a status conference on April 21, 2023 to discuss the possibility of a single, consolidated trial. ECF No. 1844. At the conference, counsel for Mr. Razo indicated that he would object to being tried with Mr. Hillebrand. The Court granted Mr. Razo's request to brief the issue, and Mr. Razo filed his brief on April 27, 2023, arguing that he would be prejudiced by consolidation. ECF No. 1854. The government responded on May 3, 2023, in support of a consolidated trial, arguing that any prejudice would be minimal

and would be outweighed by considerations of judicial economy.  ECF No. 1879.  The matter is now ripe for adjudication.

Mr. Razo's objection implicates Federal Rule of Criminal Procedure 14(a), which allows a court to sever defendants' trials if "consolidation for trial appears to prejudice a defendant or the government."  Notably, however, "the federal system prefers 'joint trials of defendants who are indicted together []' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"  *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).  Thus, "[w]e presume that courts will try codefendants jointly, especially when both are charged in a single conspiracy."  *United States v. Heatherly*, 985 F.3d 254, 271 (3d Cir. 2021);  *see also United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996).  In ruling on a severance issue, a court must "balance the public interest in joint trials against the possibility of prejudice inherent in the joinder of defendants."  *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991).  The decision "is committed to the sound discretion of the trial judge."  *Id.*

A defendant, like Mr. Razo, who wishes to be tried separately from a co-defendant charged in the same conspiracy, bears a "heavy burden" under Rule 14(a).  *Urban*, 404 F.3d at 775.  Separate trials are generally appropriate only where there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011) (quoting *United States v. Reyeros*, 537 F.3d 270, 287 (3d Cir.2008)).  Thus, to carry his burden, Mr. Razo must "pinpoint clear and substantial prejudice resulting in an unfair trial."  *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (quoting *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir.1992)).  Ultimately, "[t]he issue is not whether the evidence against a co-

defendant is more damaging but rather whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005) (internal quotation marks omitted).

Mr. Razo's arguments against a consolidated trial fall into two categories. First, he points to differences in his and Mr. Hillebrand's respective roles in the case, arguing that these differences will result in the introduction of evidence against Mr. Razo in a joint trial that would not be introduced in a trial against Mr. Razo alone. Second, Mr. Razo argues that separate trials are warranted because in a joint trial, statements made by Mr. Hillebrand would be admissible, which would not be in a trial of Mr. Razo alone. The Court finds that these arguments are insufficient to carry Mr. Razo's burden.

To explain why, a brief overview of the alleged conspiracy is in order. The parties agree on its general framework, which involved the mailing of controlled substances from the West Coast of the United States to the Western District of Pennsylvania, where Mr. Hillebrand and his associates would allegedly distribute the drugs. Mr. Hillebrand's West Coast contact was George Charlan, who would obtain marijuana and methamphetamine from suppliers and mail the drugs to Mr. Hillebrand. One such supplier was allegedly Mr. Razo, who, according to the government, supplied Mr. Charlan with twenty pounds of methamphetamine on five separate occasions (approximately 100 pounds total) between March and May of 2021. Mr. Razo supplied the substances to Mr. Charlan through another West Coast conspirator. The parties agree that Mr. Hillebrand and Mr. Razo never communicated directly.

Returning to Mr. Razo's arguments, the different roles that he and Mr. Hillebrand played in the alleged conspiracy do not warrant separate trials. As the Court understands Mr. Razo, his point is that because of their different roles, in a joint trial, evidence would be admitted that would

either be inadmissible against Mr. Razo alone or "admissible to a far lesser degree," resulting in prejudice. ECF No. 1854 at 5. For example, Mr. Razo argues that he will be prejudiced by the introduction of evidence regarding the conspiracy that predates or postdates his involvement, and evidence regarding the East Coast aspects of the conspiracy, given that Mr. Razo never directly interacted with Mr. Hillebrand and his East Coast associates. Mr. Razo similarly argues that because his alleged involvement was limited to the supply of methamphetamine as opposed to other drugs, he will be prejudiced by the introduction of evidence regarding the other controlled substances Mr. Hillebrand conspired to distribute and possess with intent to distribute (namely, marijuana and cocaine). Finally, he suggests that he will be prejudiced by association with Mr. Hillebrand—the alleged leader of the East Coast side of the conspiracy—and the money laundering charge that Mr. Hillebrand faces.

This is not the sort of "clear and substantial prejudice" that warrants separate trials under Rule 14(a). *Riley*, 621 F.3d at 335. The fact that there may be spillover evidence, even where the evidence against a defendant other than the one moving to sever is more damaging, is an insufficient basis for separate trials. *See Eufrasio*, 935 F.2d at 568 ("Prejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant. Neither a disparity in evidence, nor introducing evidence more damaging to one defendant than others entitles seemingly less culpable defendants to severance." (internal citation omitted)); *United States v. Robles*, 855 F. App'x 804, 808 (3d Cir.) ("A defendant is not entitled to severance simply because the evidence against her is less than that against another."), *cert. denied sub nom. Torner v. United States*, 142 S. Ct. 140 (2021). And while significant disparities in culpability or the severity of charges may warrant severance in some cases, that is not the case here. *See Zafiro*, 506 U.S. at 539 ("When many defendants are tried together in a complex case and they have

markedly different degrees of culpability, this risk of prejudice is heightened."); *Eufrasio*, 935 F.2d at 568. Conspiracy to commit money laundering is not materially more severe than conspiracy to possess with intent to distribute controlled substances, and the Court cannot say that Mr. Razo, who allegedly supplied approximately 100 pounds of methamphetamine over approximately two months, is materially less culpable than Mr. Hillebrand for purposes of analyzing severance. *See Eufrasio*, 935 F.2d at 568 (upholding denial of severance motion where one defendant was involved in an alleged murder conspiracy, but another was not); *Robles*, 855 F. App'x at 808 (upholding denial of severance motion where one defendant was charged with an explosives offense that the movant was not).

Ultimately, the Court is confident that a jury instructed to consider the evidence "separately as to each defendant and each count," *United States v. Lore*, 430 F.3d 190, 205–06 (3d Cir. 2005), will be able to "compartmentalize the evidence as it relates to separate defendants," *Robles*, 855 F. App'x at 808. Indeed, Mr. Razo's own arguments point to several potential lines of demarcation: Mr. Razo was involved in the West Coast supply operation while Mr. Hillebrand was involved in East Coast distribution; Mr. Razo supplied only methamphetamine while Mr. Hillebrand was also involved with marijuana and cocaine; Mr. Razo was involved between March and May 2021 while Mr. Hillebrand was involved before and after. Thus, with an appropriate limiting instruction, any risk of prejudice is outweighed by the interest in judicial economy from a joint trial, which would involve overlapping evidence regarding the conspiracy as a whole. *See Zafiro*, 506 U.S. at 539 ("[L]ess drastic measures" than severance, "such as limiting instructions, often will suffice to cure any risk of prejudice.").

Turning to Mr. Razo's arguments regarding the admission of Mr. Hillebrand's out of court statements to investigators, the Court concludes that they likewise do not warrant separate trials.

Mr. Razo argues that Mr. Hillebrand made statements to investigators which would be inadmissible in a trial of Mr. Razo alone, hinting at a potential issue under *Bruton v. United States*, 391 U.S. 123 (1968), although he does not mention the case specifically.  Under *Bruton*, "in a joint criminal trial before a jury, a defendant's Sixth Amendment right of confrontation is violated by admitting a confession of a non-testifying codefendant that implicates the defendant, regardless of any limiting instruction given to the jury."  *Johnson v. Tennis*, 549 F.3d 296, 298 (3d Cir. 2008). "A *Bruton* analysis is triggered where an admission of a co-defendant is so 'powerfully incriminating' or 'devastating' that a limiting instruction fails to adequately safeguard the defendant's" rights under the Confrontation Clause of the Sixth Amendment.  *United States v. McKee*, 506 F.3d 225, 249 (3d Cir. 2007) (quoting *Bruton*, 391 U.S. at 135–36).

Although a *Bruton* issue may warrant severance, the case is not implicated here.  *See, e.g.*, *United States v. Manfredi*, 628 F. Supp. 2d 608, 643 (W.D. Pa. 2009) (Fischer, J.) (considering and rejecting a severance motion predicated on *Bruton*).  Co-defendant admissions fall within the ambit of *Bruton* if they "expressly implicate[]" another defendant;  by contrast, the case is inapplicable where a "confession [is] not incriminating on its face, and [becomes] so only when linked with evidence introduced later at trial."  *Richardson v. Marsh*, 481 U.S. 200, 208 (1987). And here, Mr. Razo acknowledges that there is no evidence that he and Mr. Hillebrand ever communicated and suggests that they were unaware "of the existence of each other."  ECF No. 1854 at 6.  The government takes a similar position and adds that "Hillebrand did not make any statements implicating Razo to law enforcement."  ECF No. 1879 at 5.  Thus, to the extent that out-of-court statements by Mr. Hillebrand would be introduced at trial, they would not be so "powerfully incriminating" as to Mr. Razo to compel separate trials.  *Cf. United States v. Blunt*,

930 F.3d 119, 126 (3d Cir. 2019) (separate trial required where joint trial resulted in admission of statements directly implicating co-defendant).

Without a *Bruton* issue or something similar, Mr. Razo's concerns about the admission of statements by Mr. Hillebrand are insufficient to warrant separate trials. Again, the Court is confident that limiting instructions will mitigate any risk of prejudice that those statements carry and that the interest in judicial economy outweighs whatever risk there is. Mr. Razo, certainly, has not explained why limiting instructions would be ineffective here. *Cf. United States v. Chavez*, No. 19-3913, 2021 WL 4429837, at *3 (3d Cir. Sept. 27, 2021) (district court did not abuse its discretion in denying motion to sever where there was no indication that limiting instructions would be ineffective), *cert. denied sub nom. Mendoza v. United States*, 142 S. Ct. 1166 (2022).

In sum, jointly charged defendants should generally be tried together. *See Urban*, 404 F.3d at 775. That is especially so for charges of conspiracy. *Heatherly*, 985 F.3d at 271. Mr. Razo has not carried his "heavy burden" to show why a different result should follow here. *Urban*, 404 F.3d at 775.[1]

*

For the foregoing reasons, Mr. Razo's objection to a consolidated trial with Mr. Hillebrand is OVERRULED. The Court will issue an updated Final Pretrial Order for Trial Group A, which will add Mr. Razo to that Trial Group and set trial to begin on July 11, 2023.

---

[1] Mr. Razo briefly requests the Court exercise its discretion under Rule 14(b) to "order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." ECF No. 1854 at 3 (quoting Fed. R. Civ. P. 14(b)). However, Mr. Razo has failed to cite authority or otherwise argue why that would be appropriate here. Thus, the Court will deny the request based on the government's representation that Mr. Hillebrand's statements do not implicate Mr. Razo. *See United States v. Augusta*, No. 1:16-cr-00082-YK, 2018 WL 318562, at *3 (M.D. Pa. Jan. 8, 2018), *aff'd sub nom. United States v. Heatherly*, 982 F.3d 871 (3d Cir. 2020), *opinion amended, superseded, and aff'd sub nom.*, 985 F.3d 254 (3d Cir. 2021).

DATED this 8th day of May, 2023.


                                    BY THE COURT:

                                    /s/ Christy Criswell Wiegand
                                    CHRISTY CRISWELL WIEGAND
                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record